## No. 809

### SNYDER v. EUCLID-105th PROPERTIES CO.

Ohio Appeals, 2nd Dist., Franklin Co.
No. 1564. Decided Jan. 6, 1927.

**First Publication of this Opinion.**

841. NEW TRIAL—941. Practice and Procedure—Motion for new trial, being properly on file, is not overruled by judgment entry, but remains undisposed of until entry, expressly overruling it, is made.

Motion to strike bill of exceptions from files.
Overruled.

Joseph McGhee and C. F. Frankham, Columbus, for Snyder.

O. E. Davis, Columbus, for Euclid-105th Properties Co.

### FULL TEXT.

BY THE COURT.

This case is submitted upon a motion to strike the bill of exceptions from the file because the same was not filed and allowed by the trial court within the time prescribed by statute. The bill of exceptions shows that on the 15th day of June, 1926, the court had found in favor of the plaintiff and against the defendant and that the defendant is indebted to the plaintiff in the sum of $3810.00. The bill of exceptions further shows that on the 16th day of June, 1926, and within three days from the finding aforesaid, the defendant filed his motion for a new trial. The bill of exceptions further shows that on the 17th day of June, 1926, the court rendered a judgment upon said finding. Later on, to wit—on September 20, 1926, the motion for a new trial was overruled. The bill of exceptions was taken within the statutory time after September 20th.

The journal does not show that the finding set forth in the bill of exceptions as having been made on the 15th day of June, 1926, was entered of record. A new question is here presented which has not been passed upon by the Supreme Court. We have considered the case of the Industrial Commission v. Musselli, 102 O. S. page 10; Eldridge & Co. v. Barrerre, 74 O. S. 389 and also the case of Rubber Company vs. Realty Company, 109 O. S. 291. But none of these cases we think are conclusive upon the question here. The finding entered in the bill of exceptions as of June 15, 1926, should also have been entered upon the journal and it is clear that a motion for a new trial might have been filed within three days after the judgment which was actually entered upon the journal on June 18th, but we think the record in the case should be liberally construed and that a motion for a new trial which is filed within three days after the finding of the trial court, as shown in the bill of exceptions, is properly filed. The limitaion provided for by Section 11578 GC. is that the motion for a new trial must be filed within three days after the verdict or decision is rendered. This finding of June 15, 1926, might still be entered by nunc pro tunc order and we think that the defendant was within his rights in filing the motion within three days after said finding was actually made.

The motion for a new trial being properly on file, it was not overruled either directly or inferentially by the judgment entry which was entered June 18th, and the motion therefore remained undisposed of until the entry expressly overruling it was made and entered September 20th, 1926.

We therefore hold that the bill of Exceptions was properly taken and that the motion to strike it from the files should be overruled.

(Allread, Ferneding and Kunkle, JJ., concurring.)